**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ERIN MARGARET ENGLERT,

                 **Plaintiff,**

v.

                                                                **18-CV-733-HKS**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security,**

                 **Defendant.**

## DECISION AND ORDER

Plaintiff Erin Englert brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her application for disability insurance benefits ("DIB") under Title II of the Act. Dkt. No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by a United States magistrate judge pursuant to 28 U.S.C. § 636(c). Dkt. No. 9.

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 6, 7. For the reasons set forth below, the Commissioner's motion (Dkt. No. 7) is granted, and the plaintiff's motion (Dkt. No. 6) is denied.

## BACKGROUND

On July 6, 2012, the plaintiff protectively filed an application for DIB with the Social Security Administration ("SSA") alleging disability since November 8, 2011, due to cardiomyopathy. Tr.[1] 114-20, 132. On September 28, 2012, Plaintiff's claim was initially denied by the SSA. Tr. 68-71. On November 22, 2013, Plaintiff appeared with an attorney and testified before Administrative Law Judge, Donald T. McDougall ("ALJ McDougall"). Tr. 23-57. A vocational expert ("VE") also testified during the hearing. *Id.* On January 29, 2014, ALJ McDougall issued a decision finding the plaintiff not disabled within the meaning of the Act. Tr. 12-18. Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on April 27, 2015. Tr. 1-4. On July 8, 2016, this Court (Chief Judge Geraci) issued a decision and order remanding the case to the SSA for further administrative proceedings. Tr. 837-845.

On February 21, 2018, Administrative Law Judge, Lynette Gohr ("the ALJ") held a second administrative hearing, at which Plaintiff appeared with an attorney and testified. Tr. 748-810. Steven Lee Shilling, M.D. ("Dr. Shilling") an independent medical expert cardiologist also testified during the hearing, along with another VE. Tr. 755-810. On April 13, 2018, the ALJ issued a decision finding the plaintiff was not disabled within the meaning of the Act from November 8, 2011, her alleged onset date to December 31, 2016, the expiration date of her insured status for DIB. Tr. 724-47. Subsequently, Plaintiff filed this action seeking review of the Commissioner's final decision. Dkt. No. 1.

---

[1] References to "Tr." are to the administrative record in this matter. Dkt. No. 7.

## **LEGAL STANDARD**

**I.     District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.    Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning

3

that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed the plaintiff's claim for benefits under the process described above. First, the ALJ found Plaintiff met insured status requirements of the SSA through December 31, 2016. Tr. 729. At step one, the ALJ found Plaintiff did not engage in substantial gainful activity from November 8, 2011 through December 31, 2016. *Id.* At step two, the ALJ found Plaintiff has cardiomyopathy, a severe impairment. *Id.* At step three, the ALJ found Plaintiff's impairment did not meet or medically equal any listings impairment. Tr. 730.

Next, the ALJ determined Plaintiff retained the RFC to perform sedentary work with additional limitations.[2] Tr. 730. Specifically, Plaintiff may occasionally climb ramps and stairs, but never climb more than one flight at a time; never climb ladders, ropes or scaffolds; occasionally kneel and stoop; never balance, crouch and crawl; occasionally push and pull with the bilateral upper extremities; occasionally reach overhead with the bilateral upper extremities; never work at unprotected heights; no concentrated exposure to dangerous machinery; no concentrated exposure to extreme heat, extreme cold, wetness, humidity, dust, odors, fumes, and pulmonary irritants; no work with heavy vibratory tools such as jack hammers and floor waxers; and no

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

positions that require working on or around a body of water such as a lifeguard. Tr. 730-731.

At step four, the ALJ relied on the VE's testimony and found Plaintiff is incapable of performing her past relevant work as a "Truck Driver" (DOT #906.683-022) Specific Vocational Preparation ("SVP") level of 3, with a medium level of exertion. Tr. 738. The ALJ continued on to step five and considered Plaintiff's age (33 on the alleged disability onset date); high school education; ability to communicate in English; work experience; RFC; and concluded based on the VE's testimony that the plaintiff was capable of performing other work that existed in significant numbers in the national economy. Tr. 738-739. Specifically, the ALJ found Plaintiff could perform the following unskilled SVP 2 jobs requiring a sedentary level of exertion: "Ticket Seller" (DOT# 211-467-030); "Survey Worker" (DOT# 205.367-054); and "Surveillance System Monitor" (DOT# 379.367-010). Tr. 739. Accordingly, the ALJ found the plaintiff was not disabled from November 8, 2011, through December 31, 2016. Tr. 740.

## II. Analysis

Plaintiff argues that remand is required because the ALJ erred in evaluating the medical opinion of cardiologist, Leway Chen, M.D. M.P.H. ("Dr. Chen"), in violation of the treating physician rule, and in evaluating Plaintiff's subjective complaints. Dkt. No. 6, at 20, 23. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. Dkt. No. 7, at 12, 19. This Court agrees.

## A. The ALJ complied with the treating physician rule in evaluating Dr. Chen's opinion.

According to the regulations, an ALJ "will always consider the medical opinions in [a claimant's] case record together with the rest of the relevant evidence" in determining whether a claimant is disabled, and "will evaluate every medical opinion" received. 20 C.F.R. §§ 404.1527(b), (c), 416.927(b), (c). "[SSA] regulations, as well as [Second Circuit] precedent, mandate specific procedures that an ALJ must follow in determining the appropriate weight to assign a treating physician's opinion." *Estrella v. Berryhill*, 925 F. 3d 90,95 (2d Cir. 2019). "First, the ALJ must decide whether the opinion is entitled to controlling weight." *Id.* "The opinion of a claimant's treating physician as to the nature and severity of an impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Id.* (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). "Second, if the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it." *Id.* "In doing so, it must 'explicitly consider' the following nonexclusive '*Burgess* factors': '(1)the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.'" *Id.* at 95-96 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)). Failure to explicitly apply the *Burgess* factors when assigning weight is a procedural error requiring remand for the ALJ to comprehensively set forth reasons for

the weight assigned to the treating physician's opinion.  *Id.* at 33. (The Commissioner must provide "good reasons" for the lack of weight attributed to a treating physician's opinion).

Plaintiff argues the ALJ violated the treating physician rule by failing to provide good reasons for according less than controlling weight to Dr. Chen's opinion. Dkt. No. 6 at 21.  Plaintiff asserts that this error is particularly harmful where, had the ALJ credited Dr. Chen's entire opinion, specifically his opinion that Plaintiff could sit for only four hours of an eight-hour work day, she would be unable to perform sedentary work.  Dkt. No. 6 at 22.  (citing *Lane v. Astrue*, 267 F.R.D. 76, 85 (W.D.N.Y. 2010) (collecting cases, observing that sedentary work generally involves sitting more than occasionally).  Here, contrary to Dr. Chen's opinion, the ALJ found Plaintiff was capable of sitting for six hours of an eight-hour workday.

In her decision, the ALJ juxtaposed medical opinions from Dr. Chen and Dr. Shilling in explaining her evaluation of Dr. Chen's opinion, noting that both doctors specialized in cardiology.  Tr. 737.  She acknowledged Dr. Chen as Plaintiff's attending cardiologist and Dr. Shilling as an impartial expert cardiologist who testified during Plaintiff's second administrative hearing.  *Id.*  The ALJ accorded Dr. Chen's opinion "partial weight" and Dr. Shilling's opinion "significant weight".  *Id.; See Wilkins v. Comm'r of Soc. Sec.*, 2019 WL 2500500, No. 1:18-CV-00067, *Baszto v. Astrue,* 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010) *.* ("[A]n ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such

8

consultants are deemed to be qualified experts in the field of social security disability."). The ALJ explained that she credited portions of Dr. Chen's opinion including that Plaintiff was capable of occasional stooping, noting that it correlated with Plaintiff's testimony regarding her activities, which she also accorded significant weight. *Id.* The ALJ also noted Dr. Chen's opinion that Plaintiff could lift and/or carry up to twenty pounds occasionally, perform the standing and walking requirements of an eight-hour workday in consideration of her heart functioning, as documented throughout the doctor's treatment records. *Id.* The ALJ specified that she did not credit Dr. Chen's opinion regarding Plaintiff's restrictions including limitations on fingering, handling, and feeling where she found the opinion was not supported by the record and not explained by the doctor. *Id.*

Plaintiff contends that the ALJ "implicitly rejected" Dr. Chen's opinion regarding Plaintiff's capacity for sitting during an eight-hour workday and failed to explicitly discuss the weight that she accorded to that portion of the opinion. Dkt. No. 6 at 22. However, an ALJ need not adopt the entirety of a single medical opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in [her] decision, [she] was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Though the ALJ could have more explicitly applied the *Burgess* factors, "a searching review of the record" assures this Court that "the substance of the treating physician rule was not traversed." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). The ALJ chronicled Dr. Chen's treatment of

9

Plaintiff in the decision and repeatedly acknowledged the doctor's relationship with Plaintiff as her attending cardiologist. Tr. 732-738. The ALJ explained that she credited Dr. Shilling's opinion over Dr. Chen's (with the exception of Dr. Shilling's prohibition on stooping, which she found was contradicted by Plaintiff's testimony on her activities), where, as an impartial expert cardiologist, the Dr. Shilling had the opportunity to review Plaintiff's entire medical record with specialized knowledge of the SSA disability program. Tr. 737. The ALJ's omission of the amount of weight she accorded to Dr. Chen's opinion regarding Plaintiff's ability to sit is harmless where the ALJ's physical RFC determination regarding Plaintiff's capacity for sitting is consistent with the record as a whole. The ALJ explained that she relied on Dr. Shilling's opinion in concluding that Plaintiff could sit for a total of six hours in an eight-hour workday. Tr. 736-7, 773.

An ALJ need not give the opinions of a treating physician controlling weight when "the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran*, 362 F.3d at 32. Dr. Chen's opinion limiting Plaintiff to a maximum of four hours of sitting in an eight-hour workday is also inconsistent with the medical opinions of Gurcharan Sing, M.D. ("Dr. Singh"), Nisha Sharma, M.D. ("Dr. Sharma"). As noted by the ALJ, Dr. Sharma opined Plaintiff could sit for eight hours in an eight-hour work day. Tr. 735. The ALJ gave Dr. Sharma's opinion "partial weight" where it indicated that Plaintiff was capable of performing a limited range of sedentary work, but "little weight" where the doctor is not a specialist and the portion of her opinion on postural maneuvers was inconsistent with the record as a whole including Plaintiff's

10

activities of daily living. Tr. 737. Dr. Singh, who performed a consultative examination of Plaintiff in January 2013, opined that she could sit for a total of about six hours in an eight-hour workday and generally perform sedentary exertion with limitations. Tr. 733. The ALJ accorded Dr. Singh's opinion "partial weight" finding it consistent with the record as a whole, including Dr. Shilling's opinion and Plaintiff's activities of daily living. Tr. 736.

Opinions of non-examining sources may override opinions of treating sources, provided they are supported by the evidence of record. *Camille v. Colvin*, 652 F. App'x (2d Cir. 2016); *Monette v. Colvin,* 654 F. App'x 516 (2d Cir. 2016); *Snyder v. Colvin,* No. 15-3502, 667 F. App'x 319 (2d Cir. 2016); *Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."). The ALJ's conclusion that Plaintiff is capable of sitting for up to six hours in an eight-hour workday is supported by substantial evidence, including medical opinions from Dr. Shilling, Dr. Sharma, and Dr. Singh.

### B. The ALJ did not err in evaluating Plaintiff's subjective complaints.

In evaluating a claimant's subjective complaints, first an ALJ must determine whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529 (a). If objective medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a

11

claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). However, when objective evidence alone does not substantiate the intensity, persistence, or limiting effects of a claimant's symptoms, an ALJ is directed to assess the credibility of the claimant's subjective complaints with consideration of the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures utilized to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529 (c)(3)(i)-(vii).

First, the ALJ found Plaintiff suffers from cardiomyopathy, however concluded that Plaintiff's subjective complaints were inconsistent with record evidence. Tr. 729, 731-32. Here, Plaintiff argues the ALJ erred in evaluating Plaintiff's subjective complaints by relying solely on activities of daily living, in exclusion of the six remaining factors described above. Dkt. No. 6 at 24. However, a plain reading of the ALJ's decision belies Plaintiff's contentions.

The ALJ did find Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with her relatively wide range of daily activities. Tr. 732. The ALJ noted Plaintiff's testimony that she occasionally drives, performs her own personal care, prepares food, goes shopping (grocery store and local

12

mall), cleans her home (washes dishes, vacuums, does laundry), walks the dog, travels with her family (camping trips), and socializes with friends and family; but also considered Plaintiff's testimony that she relies on others including her husband, father, and neighbor (when available) for assistance in completing her activities. Tr. 731-732.

Also, in evaluating Plaintiff's subjective complaints, the ALJ noted Plaintiff's professed symptoms including fatigue and exhaustion with complaints of frequent episodes of exhaustion and fatigue from cardiomyopathy despite treatment. Tr. 731. The ALJ also considered Plaintiff's treatment history as documented throughout her medical records and through her testimony including her surgery, implantation of defibrillators and daily administration of medications including Lisinopril, Carvedilol, Furosemide, Spironolactone, and daily Aspirin regimen. *Id.* The ALJ concluded that Plaintiff's assertions of disability due to her cardiomyopathy were contradicted by medical findings, including Dr. Shilling's opinion that she could perform a limited range of sedentary work. Tr. 732. The ALJ thoroughly annotated Plaintiff's medical examination and treatment records in the decision and concluded that the medical evidence of record substantiated that although she suffers from Cardiomyopathy, Plaintiff's heart condition generally improved with treatment including implantation of defibrillators and medication. Tr. 732-738.

This court lacks the discretion to reweigh the evidence considered by the ALJ and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record and whether the Commissioner applied the correct

13

legal standards. *See Talavera*, 697 F.3d 145, 151.  This Court finds the ALJ did not err in evaluating Dr. Chen's opinion or in evaluating Plaintiff's subjective complaints.  Accordingly, the Commissioner's decision is affirmed.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings (Dkt. No. 7) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 6) is DENIED.  The Clerk of Court shall enter judgment and close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         December 3, 2019

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**